NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INA KELEMEN, M.D., et al., | CIVIL ACTION NO. 13-1798 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. |  |
| LIBERTY MUTUAL FIRE INSURANCE, et al., |  |
| Defendants. |  |

**JOHN Z. RACONZELLA** brought an action against Ina Kelemen, M.D., and Farmingdale Medical Associates ("FMA") (collectively, "Insureds") in New Jersey state court to recover damages for personal injuries ("Tort Action"). (See dkt. entry no. 1, Notice Of Removal, Ex. A, Compl. at 2.) Liberty Mutual Fire Insurance Company ("LMFIC"), The Hartford Insurance Company Of The Midwest ("HIC"), and ProSelect Insurance Company ("PSIC") (collectively, "Insurers") allegedly provided coverage to the Insureds. (See Compl. at 2-11.) The Tort Action remains pending. (See dkt. entry no. 17, PSIC Br. at 2 (stating same); dkt. entry no. 18, Insureds Reply Br. at 2, 6-7 (stating same).)

**THE INSUREDS** then brought this separate action against the Insurers in the same state court for, inter alia, a judgment declaring that the Insurers are obligated to defend and indemnify the Insureds in the Tort Action ("Declaratory Judgment Action").

(See Compl.)[1]  The Insurers removed the Declaratory Judgment Action to this Court pursuant to 28 U.S.C. § 1332(a).  (See Notice Of Removal at 2-3.)[2]

**THE INSUREDS** now move to remand the Declaratory Judgment Action.  (See dkt. entry no. 10, Notice Of Mot.)  PSIC files a brief in opposition.  (See PSIC Br.)  HIC joins in PSIC's opposition.  (See id. at 1 n.1.)  LMFIC has not responded to the

---

[1]  The Complaint incorrectly lists (1) LMFIC as Liberty Mutual Fire Insurance, and (2) PSIC as Coverys Pro Select Insurance Company.  (See Notice Of Removal at 1 (concerning PSIC's true name); dkt. entry no. 15, LMFIC Answer at 1 (identifying LMFIC as defendant).)

[2]  The Insurers have failed to properly plead the citizenship of FMA, which is — according to the Court's research — a limited liability company.  (See Notice Of Removal at 2 (incorrectly treating FMA as a corporation).)  Limited liability companies are unincorporated associations that are deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  The name of each member must be specifically alleged, and the citizenship of each membership layer must be traced and analyzed, to determine a limited liability company's citizenship.  Id. at 420.  As the Insurers are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).  But it appears that FMA is a New Jersey medical practice, and thus the Court assumes here that no member of FMA will be deemed to be a citizen of any state of which the Insurers are deemed to be citizens, i.e., Massachusetts, Wisconsin, Indiana, and Connecticut.  (See Notice Of Removal at 3.)

2

motion.  For the following reasons, the Court will grant the motion.  Oral argument is not necessary.  See L.Civ.R. 78.1(b).

**A DETERMINATION** as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the Tort Action.  Indeed, the Insurers could be named in the Tort Action as defendants, as third-party defendants, or in some other capacity.  As a result, this Court must abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues, (2) concerns issues that will be raised in the Tort Action, and (3) as the Insureds correctly point out, could be adjudicated by the same judge overseeing the Tort Action, as both actions were initiated in the same court.  (See dkt. entry no. 10, Insureds Br. at 1, 8.)  As a result, the Declaratory Judgment Action should be remanded.  See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2-3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed insured's action seeking indemnification in underlying state court action); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding

action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the removed declaratory-judgment action).

**THE COURT,** in view of the pending Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation". State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001). The desire of the Insurers to proceed in federal court "has no special call on the federal forum". Id. at 136. Therefore, the Court will grant the motion to remand.

**FOR GOOD CAUSE APPEARING,** the Court will issue an appropriate order and judgment.[3]

                                                s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated: May 9, 2012

---

[3] The Court notes that the plaintiffs could name Raconzella in the Declaratory Judgment Action. See N.J.S.A. § 2A:16-56 (stating that when declaratory relief is sought, all persons having an interest that would be affected by the declaration must be made parties to the proceeding). Raconzella's interests might be affected if the Insureds are found to be liable in the Tort Action, but have no insurance coverage.